Filed 6/18/24  P. v. Castillo CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B329861 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA097079) |
| v. | |
| EVELYN CASTILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Dismissed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

# INTRODUCTION

Evelyn Castillo appeals from a judgment entered after she pleaded no contest to one count of felony possession of personal identifying information with intent to defraud. In the respondent's brief, the Attorney General argues the trial court erroneously failed to impose and suspend a parole revocation fine that matches the $300 restitution fine, as required under Penal Code section 1202.45.[1] We impose and suspend the parole revocation fine "without remanding for further proceedings." (*People v. Smith* (2001) 24 Cal.4th 849, 854.) We otherwise dismiss the appeal because Castillo failed to obtain a certificate of probable cause and her appeal challenges the validity of her plea.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2021, police officers stopped Castillo and two passengers for driving a car without license plates. Castillo handed police officers a driver's license that did not match her identity. Officers also recovered debit cards and other identification cards belonging to other people. On September 2, 2021, a complaint charged Castillo with one felony count of possession of personal identifying information with intent to defraud after a prior conviction (count 1; § 530.5, subd. (c)(2)), and one misdemeanor count of giving false information to a police officer (count 4; § 148.9, subd. (a)). The complaint further alleged that as to count 1 Castillo suffered three prior felony convictions within the meaning of section 1203, subdivision (e)(4).

---

[1] All further statutory references are to the Penal Code.

2

On August 5, 2022, Castillo agreed to plead no contest to count 1 and, in exchange, receive a two-year sentence and dismissal of count 4. The plea form indicated the maximum penalty for count 1 was three years and a parole revocation fine would be imposed and suspended unless parole is revoked. It also included what is known as a *Cruz* waiver: "I understand that the Court is allowing me to surrender at a later date to begin my time in custody. I agree that if I fail to appear on the date set for surrender without a legal excuse, then my plea will become an open plea to the Court and I may be sentenced to anything up to the maximum allowed by law."[2] Castillo signed the plea agreement and confirmed to the court she had read and understood it.

During the plea colloquy, defense counsel noted for the record that the People agreed to reduce the offer from the original two years to 16 months if Castillo agreed to turn herself in that day. The prosecutor stated the 16-month offer was made partially because Castillo was tardy to court and had previously missed court dates. Against counsel's advice, Castillo declined the reduction because she wanted to surrender at a later date. The trial court asked Castillo, "Do you understand that if you commit any criminal offenses between now and your surrender, or if you fail to appear in court on time, instead of two years, it will be three years. Do you understand that?" Castillo responded, "Yes, Your Honor." The court accepted Castillo's plea.

---

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247.

3

Castillo failed to appear for sentencing multiple times due to medical issues arising from her high-risk pregnancy. The trial court continued her sentencing hearings each time but ultimately after six continuances it issued a bench warrant for her arrest.

The trial court held Castillo's sentencing hearing on March 15, 2023, seven months after it accepted her plea. The court indicated it was inclined to sentence Castillo to the upper term of three years. Defense counsel objected on the ground the prosecution failed to give notice to Castillo that she could be subject to a sentence other than the middle term because the felony complaint did not allege factors in aggravation to support the upper term.[3]

---

[3] Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to limit the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2), provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Additionally, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The prosecutor argued Castillo received notice of the aggravating factors when she received her rap sheet in discovery, the probation report listing her prior convictions, and notice that the court had been given a certified record listing them. The prosecutor also noted Castillo admitted a prior violation of section 530.5 as part of her plea to count 1. Defense counsel responded Castillo did not receive notice the People would be using her prior convictions as aggravating factors to support an increase in punishment. Further, the previous section 530.5 conviction could not be used both to turn the current conviction into a felony and to increase the sentence to the upper term.

The trial court imposed the three-year sentence, reasoning:

"There's a line of cases that say *when it is part of the plea agreement*, no factors in aggravation need to be proven arguably because it is part of the plea agreement. She was very clearly told it's two years, 'but if you fail to show up to court, it's three years. Do you understand that?' And the defendant says, 'Yes, Your Honor.'

"So I think it could very legitimately be argued *that was the agreement* and no factors in aggravation needs [sic] to be proved. However, setting that aside, as the People also pointed out, she admitted by virtue of her plea to count 1 that she also suffered a prior conviction.

"I would agree with the People that that could form a basis for California Rules of Court 4.421(b)(2) that her convictions are numerous or increasing.

5

"Third, I am in receipt of a certified rap sheet provided by the People. I have reviewed and considered that. So setting aside everything else, based on my review of the certified rap sheet, I do, find pursuant to California Rules of Court 4.421(b)(2) . . . the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.

"Based on everything she was advised of, her failure to appear in court and an agreement that was reached and the finding of factor [sic] in aggravation . . . I am sentencing the defendant to the high term of three years." (Italics added.)

Castillo timely filed a notice of appeal. She did not obtain a certificate of probable cause. As a result, this Court ordered that the issues on appeal were limited to ones that did not require a certificate of probable cause.

## DISCUSSION

The People argue Castillo's appeal must be dismissed because she failed to obtain a certificate of probable cause, which is required under section 1237.5, subdivision (b), for an appeal from a judgment after a plea of no contest.

Castillo counters that a certificate of probable cause is not required when she does not attack the validity of the plea. Castillo claims she seeks instead to uphold the terms of her plea agreement. She characterizes her plea agreement as one in which she would receive the middle term of two years or, if she failed to appear for sentencing, the "maximum penalty allowed by law." Castillo relies on section 1170, subdivision (b)(1), to argue

6

the "maximum penalty allowed by law" in her case is the two-year middle term because the People failed to plead any aggravating factors that would authorize imposition of the upper term.[4]  Given these circumstances, Castillo contends she did not knowingly and intelligently agree to a three-year sentence.  She also argues her challenge to the sentence arises from the court's exercise of its sentencing discretion after her plea.

A.      *Applicable Law*

"Section 1237.5 provides that an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause.  This requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea." (*People v. French* (2008) 43 Cal.4th 36, 43 (*French*); Cal. Rules of Court, rule 8.304(b)(2)(B).)  "'In the absence of full compliance and a certificate of probable cause, the reviewing court may not reach the merits of any issue challenging the validity of the plea, but must order dismissal of the appeal.  [Citation.]  Our Supreme Court has expressly disapproved the practice of applying the rule loosely in order to reach issues that would otherwise be precluded.'" (*People v. Becerra* (2019) 32 Cal.App.5th 178, 185.)

---

[4]      Castillo also contends imposition of the upper term constituted a violation of her constitutional rights to a jury trial but acknowledges the California Supreme Court has determined otherwise in *People v. Towne* (2008) 44 Cal.4th 63, 77-79.  Castillo states she raises the issue only to preserve it for federal review.

7

If a defendant agrees to a specified term as part of a plea, then a challenge to the sentence is "an attack on the validity of the plea, for which a certificate [is] required." (*People v. Buttram* (2003) 30 Cal.4th 773, 782 (*Buttram*).)  But "where the terms of the plea agreement leave issues open for resolution by litigation, appellate claims arising within the scope of that litigation do not attack the validity of the plea, and thus do not require a certificate of probable cause." (*Id.* at p. 783.)

B.  *Castillo Agreed to a Specified Three-year Sentence if She Did Not Personally Appear at Sentencing*

Under the plea agreement, Castillo agreed to a two-year term if she did not violate the *Cruz* waiver or a three-year term if she failed to appear at sentencing.  Her challenge to the three-year agreed-upon sentence is "an attack on the validity of the plea, for which a certificate [is] required." (*Buttram, supra,* 30 Cal.4th at p. 782.)  The plea agreement, which Castillo read, understood, and signed, set out the maximum sentence to count 1 was three years and that Castillo could receive a sentence "up to the maximum allowed by law" if she failed to appear on the date set for surrender.  During the plea colloquy, the trial court asked Castillo if she understood she would receive a three-year sentence if she failed to appear in court for sentencing.  She said she understood.

The facts in this case mirror those in *People v. Vargas* (2007) 148 Cal.App.4th 644 (*Vargas*).  There, the defendant signed a written plea agreement containing a *Cruz* waiver that permitted the court to impose any sentence up to the maximum if the defendant committed other crimes or failed to return for sentencing. (*Id.* at p. 646.)  In taking the defendant's guilty plea,

8

the trial court expressly advised the defendant that if he violated the terms of the *Cruz* waiver, the trial court would sentence defendant to the maximum of eight years.  The defendant confirmed he understood.  (*Id.* at p. 652.)  Before his sentencing hearing, the defendant committed a residential robbery.  The trial court found a violation of the *Cruz* waiver and imposed the maximum sentence.  (*Id.* at p. 647.)

On appeal, the defendant argued the trial court abused its discretion because imposition of the maximum term violated section 654, his right to a jury trial, and constituted double punishment in violation of the double jeopardy clause.  *Vargas* held the defendant agreed to a specified eight-year sentence reasoning, "although the written terms of the *Cruz* waiver stated that the trial court could impose any sentence up to the maximum, in taking defendant's guilty plea, the trial court expressly advised defendant that if he violated the terms of the *Cruz* waiver, the trial court would sentence defendant to the maximum term of eight years.  Defendant confirmed that he understood and, in doing so, agreed to that eight-year sentence as part of the *Cruz* waiver.  The *Cruz* waiver in turn was an integral part of defendant's plea agreement." (*Vargas, supra,* 148 Cal.App.4th at p. 652.)  As a result, the defendant's challenge to his sentence was a challenge to the validity of his plea "and such a challenge requires a certificate of probable cause."  (*Ibid.*)

As in *Vargas,* here the written plea agreement shows Castillo understood and agreed she could be sentenced up to the maximum sentence allowed by law.  The plea agreement further set out that the maximum sentence was three years.  During the plea colloquy, the trial court confirmed with Castillo that it would impose a three-year sentence if Castillo failed to appear for

9

sentencing. Under *Vargas,* Castillo's affirmative response to the court's question—"Do you understand that . . . if you fail to appear in court on time, instead of two years, it will be three years"—meant she agreed to a specified three-year sentence as part of her *Cruz* waiver.

Castillo attempts to characterize her acknowledgement of the court's question this way: "There is no indication in the record that she was informed the maximum was only two years, so her response of 'I understand' was merely an acknowledgment of what the judge erroneously claimed he could impose, not an agreement that he could impose more than the statutory maximum. (*Mabry v. Johnson* (1984) 467 U.S. 504, 507-511 [ambiguities are construed in favor of the defendant.])"[5]  In other words, Castillo argues the three-year term was unauthorized and she did not agree to an unauthorized sentence. We are not persuaded.

Generally, "defendants may challenge an unauthorized sentence on appeal even if they failed to object below," but this rule is "subject to an exception: Where . . . defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did

---

[5]     *Mabry v. Johnson* (1984) 467 U.S. 504, 511, disapproved of on another ground by *Puckett v. United States* (2009) 556 U.S. 129, 138, footnote 1, does not help Castillo. *Mabry* does not address ambiguity in a plea bargain but whether a defendant's acceptance of a prosecutor's proposed plea bargain, later withdrawn, creates a constitutional right to have the bargain specifically enforced. (*Mabry, supra,* 467 U.S. at p. 506.)

not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have" negotiated a specified sentence "should not be allowed . . . to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.) There is no contention the trial court lacked fundamental jurisdiction over Castillo or her case.

C.      *Castillo's Appeal Is Not Based on Grounds Arising After the Plea*

Castillo asserts on reply the sentence imposed was an abuse of discretion that arose after the plea, citing *French, supra,* 43 Cal.4th 36 and *People v. Hilburn* (2023) 93 Cal.App.5th 189 (*Hilburn*). As an initial matter, we need not consider arguments raised for the first time on reply. (See *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [claim raised by defendant for the first time in reply brief is waived].)

In any event, *French* and *Hilburn* are distinguishable. Both cases hold a certificate of probable cause is not required when an appellant claims the trial court committed sentencing error when choosing among a range of permissible sentences up to and including a maximum sentence "lid." (*French, supra,* 43 Cal.4th at p. 44; *Hilburn, supra,* 93 Cal.App.5th at p. 198.) As discussed above, Castillo agreed to a specified three-year sentence if she failed to appear; her plea does not include a sentence lid.

D.      *The Trial Court Was Required to Impose a $300 Parole Revocation Fine*

At sentencing, the trial court imposed a $300 restitution fine pursuant to section 1202.4, but did not impose a matching parole revocation fine as required under section 1202.45.  There is no dispute the sentence included a period of parole.  (§ 3000, subd. (a).)  As noted above, the Attorney General raised this issue in the respondent's brief and asked that we "impose and suspend" the parole revocation fine.  Castillo did not address this issue in her reply, effectively conceding it.

We are directed by the Supreme Court in *Smith, supra,* 24 Cal.4th at page 854, to correct this error.  In *Smith*, the trial court imposed a parole revocation fine that did not match in amount the restitution fine.  The high court found this error "so obvious and so easily fixable that correction of these errors in the absence of an objection at sentencing will not unduly burden the courts or the parties."  (*Ibid.*)  *Smith* accordingly held "the Court of Appeal may correct this error without remanding for further proceedings in the presence of defendants."  (*Ibid.*)  We correct this error in our disposition.

## DISPOSITION

The abstract of judgment is modified to reflect the imposition and suspension of a $300 parole revocation fine under section 1202.45.  The trial court is directed to prepare a corrected

abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.  The appeal is otherwise dismissed.


                                           MARTINEZ, P. J.

We concur:



        FEUER, J.



        RAPHAEL, J.*

*        Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.